# In the United States Court of Federal Claims

No. 09-587C
Filed: May 17, 2011
**TO BE PUBLISHED**

```
*************************************
SACRAMENTO MUNICIPAL           *
UTILITY DISTRICT,              *
                               *
          Plaintiff,           *     Amended Pleadings, RCFC 15(a);
                               *     Damages for Partial Breach of Contract;
v.                             *     Supplemental Pleadings, RCFC 15(d).
                               *
THE UNITED STATES,             *
                               *
          Defendant.           *
*************************************
```

**Timothy R. Macdonald** and **Brittany K.T. Kauffman**, Arnold & Porter LLP, Denver, Colorado, Counsel for Plaintiff.

**Alan J. Lo Re**, **Scott R. Damelin** and **Christopher J. Carney**, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., Counsel for Defendant.

### MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL AND AMENDED COMPLAINT

## I.    BACKGROUND FACTS AND PROCEDURAL HISTORY.

On September 4, 2009, Sacramento Municipal Utility District ("Plaintiff" or "SMUD") filed a Complaint ("Compl.") in the United States Court of Federal Claims, alleging a partial breach of contract and breach of the implied covenants of good faith and fair dealing by the Department of Energy ("DOE").[1]   Compl. ¶ 1.   The September 4, 2009 Complaint "seeks

---

[1]   The court has issued four opinions in a previous case filed by SMUD, No. 98-488C, seeking damages prior to January 1, 2004 for the same breach of contract claim at issue in this case.  *See Sacramento Mun. Util. Dist.* v. *United States*, 63 Fed. Cl. 495 (2005) ("*SMUD I*") (holding that the Government was liable for partial breach of contract); *Sacramento Mun. Util. Dist.* v. *United States*, 70 Fed. Cl. 332 (2006) ("*SMUD II*") (holding that SMUD was entitled to mitigation damages for costs incurred from May 15, 1997 to December 31, 2003); *Sacramento Mun. Util. Dist.* v. *United States*, 74 Fed. Cl. 727 (2006) ("*SMUD III*") (holding that SMUD was entitled to $39,796,234 in damages), *aff'd in part, rev'd in part*, 293 Fed. Appx. 766 (Fed. Cir. 2008) ("*SMUD IV*") (remanding with instructions to assess damages at the proper rate, and without applying certain offsets claimed by the Government); *Sacramento Mun. Util. Dist.* v.

damages that were incurred beginning January 1, 2004 and continuing through some date prior to trial." Compl. ¶ 7; *see also id.* ¶ 23 ("As a direct and proximate result of the government's partial breach of the Contract and the implied covenants of good faith and fair dealing, SMUD has suffered additional damages from January 1, 2004 forward, and will continue to suffer damages in the future.").

On February 19, 2010, Plaintiff served the Government with Initial Disclosures ("Pl. Discl."), pursuant to Rule 26(a)(1) of the Rules of the United States Court of Federal Claims ("RCFC").  Plaintiff's Initial Disclosures included "a computation of each category of damages claimed by the disclosing party."  RCFC 26(a)(1)(A)(iii).  Therein, Plaintiff estimated "that its mitigation damages [were] in the range of approximately $31 million to $37 million for 2004 through 2010."  Pl. Discl. at 4.

On March 9, 2010, the court entered a Scheduling Order.  On March 12, 2010, SMUD filed a Petition for a Writ of Mandamus, requesting that the United States Court of Appeals for the Federal Circuit order the court to lift the stay preventing entry of final judgment entered in *SMUD V*.  On July 16, 2010, Plaintiff produced additional information on its damages claim to the Government, including a spreadsheet estimating damages for the period of 2004 through 2010.

On September 16, 2010, the United States Court of Appeals for the Federal Circuit denied SMUD's Mandamus Petition.  *See In re Sacramento Mun. Util. Dist.*, 395 Fed. Appx. 684, 688 (Fed. Cir. 2010) ("*SMUD VI*").  On December 10, 2010, Plaintiff served the Government with a Damages Expert Report that explained the basis of its damages claims for 2004 through 2009 and advised the Government that the Damages Expert Report would be supplemented to include 2010 damages, once Plaintiff's Expert had all of the supporting documents.

On March 8, 2011, the Government deposed Plaintiff's Damages Expert.  During the deposition, Plaintiff's Damages Expert stated that he still planned to supplement the December 10, 2010 Damages Expert Report, but was still waiting for Plaintiff's counsel to provide the final documentation of SMUD's 2010 damages.  In late March 2011, Plaintiff's counsel informed the Government that the Supplemental Damages Expert Report was nearly completed.

On April 8, 2011, counsel for the Government wrote a letter to Plaintiff's counsel objecting to the inclusion of 2010 damages in this proceeding, but offered to allow Plaintiff to include 2010 damages in this claim if Plaintiff would agree to give the Government an extra two and a half months to submit its expert reports.  On April 13, 2011, counsel for Plaintiff replied that they believed the Government had sufficient notice of Plaintiff's intent to seek 2010 damages to include them in this proceeding and maintain the current discovery schedule.

On April 18, 2011, the court convened a status conference to discuss the Government's assertion of an Unavoidable Delays defense and Plaintiff's expansion of damages through 2010.

---

*United States*, 91 Fed. Cl. 9 (2009) ("*SMUD V*") (holding that SMUD is entitled to $53,159,863 in mitigation costs, but staying entry of judgment pending the outcome of this proceeding).

During that conference, the Government represented that it conducted discovery regarding Plaintiff's claimed damages for 2004 through 2009, but had just recently learned of Plaintiff's intent to seek damages incurred through 2010 in this proceeding.  After listening to argument from the parties, the court made an oral ruling that Plaintiff would only be able to seek damages up to December 31, 2009 in this proceeding.

On April 20, 2011, Plaintiff filed a Motion For Leave To File Its Supplemental And Amended Complaint ("Pl. Mot."), seeking to amend the September 4, 2009 Complaint to allege a claim for damages for 2004 through 2010.  On that same date, Plaintiff served the Government with a Supplemental Expert Report and supporting documentation with its final damages claim for 2010.  On April 21, 2011, the court convened a status conference to discuss Plaintiff's April 20, 2011 Motion For Leave.  On May 4, 2011, the Government filed a Response ("Gov't Resp.").  On May 9, 2011, the court convened a status conference to further discuss Plaintiff's April 20, 2011 Motion For Leave.

## II.     DISCUSSION.

### A.       The Parties' Arguments.

#### 1.       Plaintiff's April 20, 2011 Motion For Leave.

Plaintiff argues that it should be allowed to supplement the September 4, 2009 Complaint to seek damages for 2010 for three reasons: 1) they are material to this action; 2) their inclusion should not delay the current schedule, *i.e.*, with an evidentiary hearing set to commence on October 24, 2011 and continue until October 28, 2011; and 3) no party would be prejudiced.  Pl. Mot. at 7-12.

First, Plaintiff argues that "because the supplemental allegations merely add additional damages that incurred after the original complaint was filed," they are material to this action.  Pl. Mot. at 8.  In *Tommaseo* v. *United States*, 80 Fed. Cl. 366 (2008), the United States Court of Federal Claims found that when claims "rel[y] on a common set of facts and the same legal theory . . . [r]equiring . . . Plaintiffs to file separate suits would be inefficient and burden the parties."  *Id*. at 374.  Here, Plaintiff's claim for 2010 damages is based upon the same underlying facts and legal theories as the claims alleged in the September 4, 2009 Complaint.

Plaintiff also argues that, because the evidentiary hearing is over five months away, there is sufficient time for the Government to review and analyze Plaintiff's 2010 damages claim.  Pl. Mot. at 9.  This is especially true in light of the fact that Plaintiff first provided an estimate of the 2010 damages to the Government on July 16, 2010.  *Id*.  In addition, the July 16, 2010 estimate was within approximately one percent of the 2010 damages claimed in the April 20, 2011 Supplemental Expert Report.  *Id*.

In addition, including the 2010 damages in this proceeding will not prejudice the Government.  Pl. Mot. at 9.  Amending the September 4, 2009 Complaint would not "prejudice the Government, because the Government had sufficient notice of the potential [additional] claims."  *Tommaseo*, 80 Fed. Cl. at 374.  In *System Fuels* v. *United States*, 73 Fed. Cl. 206

(2006), another spent nuclear fuel case, the plaintiff filed a motion to amend the complaint in order to seek damages incurred after the filing of the complaint.  That court held that, because the Government "was made aware of the likelihood" that plaintiff would seek these additional damages four months before plaintiff filed a motion to amend and a year before the evidentiary hearing, the Government was not prejudiced by allowing plaintiff to amend the complaint. *System Fuels*, 73 Fed. Cl. at 211-12.  In this case, the Government was made aware of Plaintiff's intention to seek 2010 damages in July 2010 – nine months before Plaintiff filed a Motion To Amend, and over a year before the evidentiary hearing.

## 2.    The Government's Response.

The Government responds that in *Indiana Michigan Power Co.* v. *United States*, 422 F.3d 1369 (Fed. Cir. 2005), the United States Court of Appeals for the Federal Circuit held that "[b]ecause [plaintiff's] claim is premised upon the government's partial breach, its damages [are] limited to those costs incurred prior to the date of its suit." *Id*. at 1376-77.  Therefore, Plaintiff may only seek damages in this action that were incurred through September 3, 2009.  Gov't Resp. at 5.  The Government, however, does not oppose Plaintiff amending the September 4, 2009 Complaint to allege damages through December 31, 2009, because Plaintiff timely produced documentation of its claimed damages through the end of 2009.  Gov't Resp. at 7, n.3.

In *Pacific Gas and Elec. Co.* v. *United States*, 70 Fed. Cl. 758 (2006), the United States Court of Federal Claims determined that a plaintiff in a spent nuclear fuel case "may seek damages only through the date of an amended complaint." *Id*. at 763.  That court determined that at that late juncture in the case, it would be prejudicial to the Government to allow the plaintiff to amend their complaint to seek damages incurred after the filing of the initial complaint. *Id*. at 764-65.  In this case, the Government has already deposed Plaintiff's fact and expert witnesses and filed its own expert reports.  Therefore, it would be prejudicial and burdensome to the Government at this juncture to allow Plaintiff to amend the September 4, 2009 Complaint.  Gov't Resp. at 8-10.

Finally, the Government argues that, unless Plaintiff does not plan to bring any further suits for damages past 2011, Plaintiff will not be harmed by not being allowed to bring its claim for 2010 damages in this action, since Plaintiff may claim those damages in a future suit.  Gov't Resp. at 10.  If, however, Plaintiff agrees to forego any damages claims against DOE for partial breach beyond 2010, then the Government would concede to allowing Plaintiff to claim 2010 damages in this action.  Gov't Resp. at 13.

## B.    The Court's Resolution.

The complaint that initiated this suit was filed on September 4, 2009.  Therefore, as a matter of law, without amending or supplementing the September 4, 2009 Complaint, Plaintiff may only seek damages that were incurred prior to that date.  *See Indiana Michigan*, 422 F.3d at 1376-77.

Plaintiff's April 20, 2011 Motion For Leave is a motion to supplement the September 4, 2009 Complaint under RCFC 15(d),[2] rather than to amend under RCFC 15(a), because Plaintiff seeks damages that were incurred after the filing of this action.  *See System Fuels*, 73 Fed. Cl. at 211 ("Plaintiffs' requested amendment of the complaint is proper under [RCFC 15(a),] although the amendments are not the primary thrust of their motion for leave; supplementation to allege damages through June 30, 2006 is the focus of their motion.").

Because the Government does not oppose Plaintiff supplementing the September 4, 2009 Complaint to seek damages through the end of 2009, the issue before the court is whether Plaintiff may supplement to allege a claim for damages incurred through December 31, 2009, or through December 31, 2010.  *See System Fuels*, 73 Fed. Cl. at 211 ("Supplementation may be limited or curtailed to avoid prejudice." (citation omitted)).

Although Plaintiff may have given the Government an estimate of 2010 damages as early as July 2010, Plaintiff did not identify the specific 2010 damages claimed or provide the Government with supporting documentation of those damages until April 20, 2011 – two days before the Government's expert reports were due.  By that time, the Government had deposed all of Plaintiff's fact and expert witnesses and prepared its expert damages reports.  To allow Plaintiff to include 2010 damages in its claim at this juncture would require the Government to conduct significant extra discovery and potentially delay the evidentiary hearing on damages set for October 24-28, 2011.  In addition, Plaintiff has not shown how it would be prejudiced, since Plaintiff may bring a future action to seek damages incurred in 2010 and beyond.

Therefore, the court has determined that Plaintiff may only supplement the September 4, 2009 Complaint to allege a claim for damages incurred through December 31, 2009.

## III.    CONCLUSION.

For the reasons stated above, Plaintiff's April 20, 2011 Motion For Leave To File Its Supplemental And Amended Complaint is granted in part and denied in part.  The court hereby grants Plaintiff leave to supplement the September 4, 2009 Complaint to allege a claim for damages incurred through December 31, 2009.  An evidentiary hearing regarding the damages claimed in Plaintiff's Amended Complaint will commence on October 24, 2011 at 10:00 a.m. in the National Courts Building at 717 Madison Place N.W., Washington, D.C. 20005.

---

[2] RCFC 15(d) provides, in relevant part:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented*.

RCFC 15(d) (emphasis added).  RCFC 15(d) is identical to Fed. R. Civ. P. 15(d).  *See* RCFC Rules Committee Notes 2008 Amendment.  Fed. R. Civ. P. 15(d) is "intended to give the court broad discretion in allowing a supplemental pleading. . . . [T]he court is to determine in the light of the particular circumstances whether filing should be permitted, and if so, upon what terms." Fed. R. Civ. P. 15 Advisory Committee note (1963).

**IT IS SO ORDERED.**

<u>s/ Susan G. Braden</u>
**SUSAN G. BRADEN**
**Judge**